# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LARRY J. BROWN,**
        **Petitioner,**

  v.                                                **Case No. 06C0563**

**GARY MCCAUGHTRY,**
        **Respondent.**

---

## ORDER

On May 9, 2006, Larry J. Brown filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of armed robbery and first degree sexual assault. He was sentenced to eighty years imprisonment and is currently incarcerated at Waupun Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner claims that his right to effective assistance of counsel on appeal was denied. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and its progeny.

Petitioner also claims that he was denied access to the courts in violation of his First Amendment rights. It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, this claim is not cognizable on habeas review and must instead be brought pursuant to 42 U.S.C. § 1983. The writ of habeas corpus is only appropriate for "[s]tate prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices because they contest the fact or duration of custody." Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000). Because petitioner's claim that he was denied access to the courts does not challenge the fact or duration of custody, he will not be permitted to proceed on this claim. See id. ("State prisoners who want to raise a constitutional challenge to any other decision [not affecting the fact or duration of custody] . . . must instead employ [42 U.S.C.] § 1983 or another statute authorizing damages or injunctions.")

Finally, petitioner argues that the state trial court lacked subject matter jurisdiction, which he claims is a violation of his right to due process. Further, he explains that when he appealed, the state appellate court incorrectly decided the issue. Petitioner's claim appears to raise an issue of state law rather than an issue of constitutional or federal law. See, e.g., Foster v. Bazzle, No. 06:05-620, 2006 U.S. Dist. LEXIS 9259, at *17 (D.S.C. Jan. 26, 2006) (stating that petitioner's claim that the state trial court lacked subject matter jurisdiction raises an issue of state law and thus, is not cognizable on habeas review). However, at this time I am unable to determine that plaintiff's claim involves only issues of state law and thus, he may proceed on this claim.

In sum, because petitioner presents at least one constitutional claim, I will not dismiss his habeas petition at this time.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that petitioner's claim that he was denied access to the courts in violation of the First Amendment is **DISMISSED**.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must

not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Gary McCaughtry and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 1 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge